UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JHARRAD SCOTT,

                            Plaintiff,                  COMPLAINT
                                                              12 CV 1243 (JGK)(MDG)

                - against -

THE CITY OF NEW YORK, RAYMOND
MARRERO, JOHN DOE 1 and JOHN DOE 2, the
names being presently unknown and fictitious,
employees of the New York City Police
Department,
                                                               Jury Trial Demanded
                                Defendants.

------------------------------------------------------------------x

       Jharrad Scott, by his attorney, Matthew Flamm, alleges the following upon information and belief as his Complaint:

### Nature of the Action

       1.     This civil rights action arises from defendants' November 19, 2010 arrest and subsequent prosecution of Jharrad Scott on the claim that he criminally trespassed at 2501 Davidson Avenue, Bronx, New York, a building in the New York City Police Department's "Operation Clean Halls" program.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

       2.     This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

3. Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

Parties

4. Plaintiff Jharrad Scott is a citizen of the United States of America residing in the State and City of New York, County of Kings. He is African-American, resides in Brooklyn, New York and has worked for Monroe College in the Bronx for approximately the last six years.

5. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6. Defendants Raymond Marrero, Shield 25173, was at all times relevant duly appointed and acting police officers employed by the New York City Police Department and assigned, upon information and belief, to the 52nd Precinct in the Bronx. He is liable either for directly participating in the acts described herein or for failing to intervene to protect plaintiff from the illegal conduct of his fellow officer. He is sued in his individual capacity.

7. Defendant John Doe 1 was, at all times relevant, a police officer employed by the New York City Police Department who was working with defendant Marrero on November 19, 2010 when plaintiff was arrested. Defendant Doe 1 was assigned, upon information and belief, to the 52nd Precinct in the

Bronx./[1] He is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officer. He is sued in his individual capacity.

8.  Defendant John Doe 2 was, at all times relevant, a police officer employed by the New York City Police Department and holding the rank of Sergeant. Defendant Doe 2 was assigned, upon information and belief, to the 52nd Precinct in the Bronx. At all times relevant, defendant Doe 2 supervised and was responsible for the conduct of the individual defendants and the others participating in this incident. He is liable, in addition to direct participation herein or for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers, for failing to properly supervise his subordinates or to otherwise take action to remedy the wrong done to Mr. Scott. He is sued in his individual capacity.

9.  Defendants Marrero, Doe 1 and Doe 2 (together, the "individual defendants"), were at all times relevant duly appointed and acting employees of the New York City Police Department and were agents, servants and employees acting within the scope of their employment by defendant City of New York.

10. At all times relevant, the individual defendants were acting under color of state law.

---

1. Defendant Doe 1 may be Julio Santana. Mr. Santana and defendant Marrero have been named in two suits: <u>Latoya Nelson v. City of New York and Others</u>, 10 CV 0434 (DAB) (alleging a February 2008 unlawful arrest and prosecution) and <u>Louis Deluca</u>, 10 CV 0270 (JPO) (alleging a January 2009 assault).

### Notice of Claim

11.    On February 18, 2011 and within ninety days after his claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

12.    The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and a post office address of the plaintiff.

13.    The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

14.    The Notice of Claim was assigned Claim No. 2011PI011437, and defendant City of New York took plaintiff's testimony pursuant to General Municipal Law §50-h on April 18, 2011.

15.    The City of New York has neglected and failed to adjust the claims within the statutory time period.

16.    This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

### Facts Underlying
### Plaintiff's Claims for Relief

17.    On or about November 19, 2010 at between 1:30 and 2:00 a.m., defendants Marrero and Doe 1 and Doe 2 unlawfully accosted, detained and then arrested Jharrad Scott on the false claim of criminally trespassing at 2501 Davidson Avenue, an "Operation Clean Halls" building.

18. That designation encourages and causes police officers, including those involved in the arrest and prosecution of Mr. Scott, to believe that they can with impunity stop, search, question, and arrest without individualized suspicion or probable cause people in or even near such buildings; it appears that no one can leave their home without their papers.

19. Mr. Scott had been visiting with an acquaintance, Terrence Guy, who, at all times relevant, lived at 2501 Davidson Avenue.

20. Mr. Guy and plaintiff had been at Guy's home and had stepped out to a deli around the corner on Jerome Avenue when they were approached by the individual defendants. Mr. Guy did not have his identification with him but did have with him the keys to his home.

21. The individual defendants refused to investigate Mr. Guy's truthful and easily verifiable claim that he was a lawful resident of 2501 Davidson. They instead arrested both plaintiff and Guy.

22. Plaintiff was not involved in illegal activity and the two defendants had no lawful justification to stop, question and arrest Mr. Scott.

23. Plaintiff was brought in handcuffs to the 52nd Precinct Stationhouse.

24. Defendants Marrero and others prepared or allowed to be prepared false police reports accusing Jharrad Scott of crimes.

25. After the arrest paper work was completed, Mr. Scott was taken to Bronx Central Booking to await arraignment.

26. While Scott was awaiting arraignment, defendant Marrero made false statements to the Bronx County District Attorney's Office supporting prosecution.

27. Defendant Marrero's misrepresentations caused plaintiff to be prosecuted under Bronx County Docket No. 2010BX072493 on the false charge of Trespass in the Second Degree (P.L. §140.15[1], a misdemeanor punishable up to one year in jail), Criminal Trespass in the Third Degree (P.L. §140.10[e], a B misdemeanor punishable by up to three months in jail) and Trespass (P.L. §140.05, a violation).

28. Mr. Scott was arraigned on the false charges, released and required, under threat of issuance of an arrest warrant and of arrest, to return to Criminal Court to defend against the baseless charges until, on February 10, 2011, the prosecution was dismissed on the motion of the District Attorney.

29. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, arrest, and prosecution of Mr. Scott.

30. Defendants' acts and omissions caused Mr. Scott to suffer mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries. Plaintiff suffered the indignities and physical discomforts and privations of the arrest-to-arraignment process.

31. The individual defendants, at all times relevant, and in stopping, arresting, and imprisoning plaintiff, and in offering false evidence to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

## PLAINTIFF'S FEDERAL CLAIMS
## AGAINST THE INDIVIDUAL DEFENDANTS

32. Plaintiff repeats the allegations of paragraphs 1-31 above as though fully stated herein.

33. The conduct of the individual defendants as described herein amounted to unlawful seizure and malicious prosecution in violation of 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

34. As a consequence thereof, Jharrad Scott has been injured.

## PLAINTIFF'S FEDERAL CLAIMS
## AGAINST THE CITY OF NEW YORK

35. Plaintiff repeats the allegations of paragraphs 1-31 above as though fully stated herein.

36. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to instruct, supervise, monitor and control its Police employees, including instructing, supervising, monitoring and controlling the individual defendants herein.

37. Defendant City's enforcement of criminal trespass laws in and around buildings designated as part of the Police Department's "Operation Clean Hallways" program without adequate training, supervision, monitoring or control has resulted in a de facto policy, pattern and practice of illegal stops, seizures, arrests and prosecutions, including the stop, seizure, arrest, and prosecution of Jharrad Scott.

38. The City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police officers, including officers involved in the present case, routinely and pursuant to City policy and practice conduct unlawful stops, arrests, and prosecutions based on purported enforcement of the criminal trespass laws.

39. The NYPD's policy, pattern and practice amounts to a roving pedestrian checkpoint wherein NYPD officers stop, seize, question, and arrest individuals such as Jharrad Scott without individualized objective facts supporting trespass claims and without investigating easily and conveniently provable claims of innocence.

40. The City has failed to supervise and discipline NYPD officers who unlawfully stop, question, seize, search, arrest and prosecute individuals for trespass. On information and belief, the City does not monitor criminal trespass arrests and prosecutions for improper stops, seizures, and arrests and has not instituted any monitoring or follow up procedure for disciplinary action when charges are dismissed or where it is otherwise established that an individual such as Jharrad Scott was arrested without lawful basis.

41. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

42. As a consequence thereof, Jharrad Scott has been injured.

## PLAINTIFF'S STATE COMMON LAW
## CLAIMS AGAINST THE DEFENDANTS

43.     Plaintiff repeats the allegations of paragraphs 1-31 above as though fully stated herein.

44.     The conduct described herein amounted to unlawful arrest, assault, battery and malicious prosecution.

45.     As a consequence thereof, Jharrad Scott has been injured.

### Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A)     A declaration that plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

(B)     Compensatory damages in an amount to be fixed at trial;

(C)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from defendants Marrero and Doe in an amount to be fixed at trial;

(D)     An award to plaintiff of the costs and disbursements herein;

(E)     An award of attorney's fees under 42 U.S.C. §1988; and

(F)     Such other and further relief as this Court may deem just and proper.

Dated: February 17, 2012
       Brooklyn, New York

_____
Matthew Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117