UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JHARRAD SCOTT,

                            Plaintiff,

            - against -

THE CITY OF NEW YORK, RAYMOND
MARRERO, JOSEPH AZEVEDO, PETER
SGANGA, and SCOTT BURTON, employees of
the New York City Police Department,

                            Defendants.

------------------------------------------------------------------x

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**
12 CV 1243 (JGK)(MHD)

        **WHEREAS,** plaintiff commenced this action by filing a Complaint on or about February 17, 2012, and a First Amended Complaint on or about July 23, 2012 (hereinafter referred to collectively as the "Complaint"), alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants City of New York, Raymond Marrero, Joseph Azevedo, Peter Sganga and Scott Burton (hereinafter referred to collectively as "defendants") have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without defendants admitting any fault or liability; and

        **WHEREAS,** plaintiff has authorized his counsel, the Law Office of Matthew Flamm, to settle this matter on the terms set forth below; and

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10/25/12

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff JHARRAD SCOTT the sum of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal with prejudice of all the claims against the defendants, both served and unserved, and the City of New York and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs

are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants, both served and unserved, and the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, the City reserves the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
_____, 2012

| | |
|---|---|
| LAW OFFICE OF MATTHEW FLAMM<br>*Attorney for Plaintiff Jharrad Scott*<br>26 Court Street, Suite 600<br>Brooklyn, New York 11242<br>(718) 797-3117 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants City of New York,*<br>*Raymond Marrero, Joseph Azevedo, Peter*<br>*Sganga and Scott Burton*<br>100 Church Street, Rm. 3-195<br>New York, New York 10007<br>(212) 442-6618 |
| By: _____<br>    Matthew S. Flamm<br>    *Attorney for Plaintiff*<br>Dated: 10/20/2012 | By: _____<br>    Anthony DiSenso<br>    *Assistant Corporation Counsel*<br>Dated: 10/24/2012 |

Dated: _____, 2012
    New York, New York

SO ORDERED:
_____
HON. JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

10/25/12